UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
APR 04 2017
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

IHEARTCOMMUNICATIONS, INC., f/k/a )
CLEAR CHANNEL COMMUNICATIONS, )
INC., et al., )
)
      *Plaintiffs*, )
)
v. )    Civil No. 5:17-CV-25-OLG
)
CITIBANK, N.A. et al., )
)
      *Defendants*. )

## ORDER

This case is before the Court on the Motion to Consolidate submitted by Defendant U.S. Bank National Association (U.S. Bank) (docket no. 23) and the parties' Joint Motion to Enter Scheduling Order (docket no. 42). U.S. Bank's motion seeks to consolidate this case into *iHeartCommunications, Inc. f/k/a Clear Channel Communications, Inc. et al. v. Benefit Street Partners LLC, et al.*, Civ. A. No. 5:17-CV-009-XR (W.D. Tex.) (the 009 case). However, that case was recently remanded to state Court. *See* 5:17-CV-009-XR docket no. 69. Accordingly, Defendant's Motion to Consolidate (docket no. 23) is DENIED AS MOOT.

No party to this case has questioned this Court's subject matter jurisdiction. Nonetheless, "subject-matter delineations must be policed by the courts on their own initiative"; and the Court is therefore obligated to remand, even in the absence of a motion from the parties, "[i]f at any time before final judgment . . . it appears that the district court lacks subject matter jurisdiction[.]" *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) (internal alterations omitted). The only basis that Defendants have asserted for this Court's subject matter jurisdiction in this case, as in the 009 case, is the Edge Act, 12 U.S.C. § 632. That statute establishes federal subject matter jurisdiction where a federally chartered banking association is a

party and "any part of [the case] arises out of transactions involving international or foreign banking." *In re Lloyd's Am. Trust Fund Litig.*, 928 F. Supp. 333, 338 (S.D.N.Y. 1996) (citing *Corporacion Venezolana de Fomento v. Vintero Sales Corp.*, 629 F.2d 786 (2d Cir. 1980), *cert. denied*, 449 U.S. 1080 (1981) and *Conjugal Soc'y Composed of Juvenal Rosa v. Chicago Title Ins. Co.*, 690 F.2d 1 (1st Cir. 1982)). This case, like the 009 case, arises from the parties' disputes regarding the legal consequences of iHeart's repurchases of debt under the indentures that governed the debt's issuance. Docket nos. 23 at 2-5; 33 at 1-2. Although iHeart has argued in both cases that the only relevant transactions are the debt repurchases themselves—and that this case is therefore legally and factually distinct from the 009 case, which arose from a different series of debt repurchases—this Court agrees with the reasoning of Judge Rodriguez in the 009 case that the transactions that are relevant for determining Edge Act jurisdiction include both the debt repurchases and the indentures that govern the debt's issuance and determine the legal consequences of those repurchases. Docket no. 33 at ¶ 3; 5:17-CV-009-XR docket no. 69 at 26-32 (noting that "Plaintiffs are not simply seeking a declaration that the debt repurchase are *lawful*, but rather a declaration that the repurchases are lawful *because they comply with the indentures*.").

Plaintiffs sought remand in the 009 case, but have not done so in this case. Their briefing in opposition to consolidation seems to avoid taking a position on whether Edge Act jurisdiction, or some other basis for federal subject matter jurisdiction, exists in this case. *See, e.g.*, docket no. 33 at ¶¶ 23 (noting that "While iHeart has moved to remand [the 009 case], it has not moved to remand this action."). The court's remand order in the 009 case was based upon its determination that the party federally chartered banking entities had insufficient involvement in PGN purchases at issue in that case by international investors to support the exercise of Edge Act jurisdiction. 5:17-CV-009-XR docket no. 69 at 26-32. Based upon the current record, it is not clear to the

Court whether the Edge Act analysis in this case is distinct in some way from that in the 009 case, or whether some other basis exists for this Court to exercise subject matter jurisdiction.

It is therefore ORDERED that, within 14 days from the date of this Order, Plaintiffs shall submit an advisory to this Court, and serve it upon all parties to this case, discussing the basis for this Court's exercise of subject matter jurisdiction. Defendants may submit their response, if any, within 14 days after the date that Plaintiff's advisory is filed with the Court. The Court will defer entry of a scheduling order until issues of subject matter jurisdiction have been resolved.

SIGNED this 4 day of April, 2017.

ORLANDO L. GARCIA
CHIEF UNITED STATES DISTRICT JUDGE