UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| IHEARTCOMMUNICATIONS, INC., f/k/a CLEAR CHANNEL COMMUNICATIONS, INC. *et al.*,<br><br>    **Plaintiffs,**<br><br>    v.<br><br>CITIBANK, N.A., *et al.*,<br><br>    **Defendants.** | No. 5:17-cv-00025-OLG |

**PLAINTIFFS' ADVISORY REGARDING SUBJECT MATTER JURISDICTION**

Plaintiffs respectfully submit this response to the Court's April 4, 2017 Order, directing Plaintiffs to "submit an advisory . . . discussing the basis for this Court's exercise of subject matter jurisdiction." Dkt. 46.

Defendants have not met their burden to demonstrate the existence of subject matter jurisdiction in this case. As reflected in the Notice of Removal, Defendants removed this action on the same basis as the action styled *iHeartCommunications, Inc. f/k/a Clear Channel Communications, Inc. et al. v. Benefit Street Partners LLC, et al.*, Civ. A. No. 5:17-C V-009-XR (W.D. Tex.) (the "009 Action"). Defendants' jurisdictional theory in both cases is that the Edge Act confers federal jurisdiction because the cases concern debt that a federally chartered bank defendant has a role in administering, and foreign creditors hold some of that debt. *See* Dkt. 1 ¶ 3. In briefing supporting a motion to consolidate the two cases, Defendant U.S. Bank asserted that "the factual and legal issues regarding Edge Act jurisdiction are identical in the two cases." Dkt. 34, at 2. On March 16, 2017, Judge Rodriguez entered an order in the 009 Action holding that no

1

jurisdiction existed under the Edge Act and remanding that case to state court. Therefore, under the reasoning of Judge Rodriguez's decision in the 009 Action, this action should also be remanded to state court. If, however, any Defendant purports to assert a new argument for jurisdiction not set forth in the Notice of Removal, then Plaintiffs request the opportunity to respond to that submission.

## BACKGROUND

### A. Plaintiffs' Petition

On December 12, 2016, Plaintiffs filed a Petition for Declaratory Judgment ("Petition" or "Pet.") in the 438th Judicial District Court of Bexar County, Texas. The Petition concerned the obligations of Plaintiff iHeartCommunications, Inc. ("iHeart") and certain of its domestic subsidiaries under contracts governing debt issued by iHeart. *See* Pet. ¶¶ 6, 43, 81-93. The debt series at issue are iHeart's "Priority Guarantee Notes" (PGNs), which are governed by five nearly identical Indentures, and Term Loans that are governed by a separate contract. *Id.* ¶¶ 50-52. Defendants are banks that serve an administrative role with respect to each class of debt, either as a "Trustee" under the PGN Indentures or the "Administrative Agent" under the contract governing the Term Loans. *Id.* ¶¶ 44-46.[1] Each Defendant is a federally chartered national banking association. *See id.* Plaintiffs seek a declaration that iHeart has no obligation to grant a security interest in certain assets (known as a "springing lien") to its creditors under the contracts governing the debt at issue. *See id.* ¶¶ 85-93.

---

[1] After removal, UMB Bank, National Association ("UMB Bank") replaced U.S. Bank National Association ("U.S. Bank") as Trustee on one series of PGNs. Dkt. 14. Plaintiffs filed a motion to join UMB Bank as a Defendant pursuant to Federal Rule of Civil Procedure 25(c), *id.*, which the Court granted. *See* Text Order Granting Motion to Join UMB Bank as an Additional Defendant (Feb. 13, 2017).

**B.     Defendants' Notice of Removal**

On January 13, 2017, Defendant Citibank, N.A. ("Citibank") filed a Notice of Removal, removing the case to this Court. Dkt. 1. The sole basis for federal jurisdiction asserted in the Notice of Removal was the Edge Act, 12 U.S.C. § 632. *See id.*, ¶ 3. Citibank asserted that Edge Act jurisdiction existed because "Plaintiffs request a declaratory judgment relating to certain loans for which Citibank is the administrative agent. Many of the lenders to the loans in question are international entities, including organizations from Luxembourg, Canada, the Cayman Islands, Ireland, and Australia. The State Court Action therefore involves 'international or foreign banking activity' sufficiently to satisfy the jurisdictional requirements of the Edge Act." *Id.* ¶ 5. Citibank did not attach any factual material to its Notice of Removal.

On February 13, 2017, U.S. Bank filed a submission stating that it "joins in and consents to the removal of this action." Dkt. 17. But the submission did not include any additional factual assertions or legal arguments beyond what was set forth in Citibank's Notice of Removal.

**C.     The 009 Action**

On December 12, 2016, iHeart and its subsidiary, Broader Media, LLC, filed its First Amended Petition in the 224th Judicial District Court of Bexar County, which was styled *iHeartCommunications, Inc. f/k/a Clear Channel Communications, Inc. et al. v. Benefit Street Partners LLC, et al.*, Cause No. 2006-CI-12468. That case was later removed to this Court, where it was assigned to Judge Rodriguez under the case number, Civ. A. No. 5:17-CV-009-XR (W.D. Tex.) (the "009 Action"). Defendants in the 009 Action were some of the noteholders of the same PGNs that are at issue in this action, as well as the Trustees under the PGN Indentures. *See* 009 Action, Dkt. 1-9, ¶¶ 19-37 ("009 Pet."). The Trustee Defendants in the 009 Action are the same PGN Trustee Defendants in the present action. In the 009 Action, iHeart and Broader Media

sought damages against the noteholders (but not the Trustees) under various common law theories for wrongly threatening to issue and subsequently issuing baseless Notices of Default under the PGN Indentures relating to a different transaction than the current case, which caused financial harm by preventing Broader Media from engaging in profitable debt repurchases. *See id.* ¶¶ 132-167. Plaintiffs also sought a declaratory judgment against all Defendants (including the Trustees) that debt repurchases by Broader Media were permitted by the PGN Indentures. *See id.* ¶¶ 168-194.

On January 7, 2017, some of the noteholder Defendants in the 009 Action filed a Notice of Removal. *See* 009 Dkt. 1. Defendants asserted that there was federal jurisdiction over the declaratory judgment claims under the Edge Act, 12 U.S.C. § 632. *See id.* ¶¶ 7-15. Defendants also claimed that supplemental jurisdiction existed over the damages claims. *See id.* ¶¶ 16-17. Defendants argued that Edge Act jurisdiction existed because the PGN Trustees were federally chartered banks, and some of the holders of the PGNs were foreign entities. *See id.* ¶¶ 8, 11-13.

Plaintiffs moved to remand the 009 Action to state court, contending that no Edge Act jurisdiction existed over the declaratory judgment claims and that no basis existed to assert supplemental jurisdiction over the remaining claims. *See* 009 Dkt. 45 (filed Jan. 30, 2017). On March 16, 2017, Judge Rodriguez granted the motion and remanded the 009 Action to state court. *See* 009 Dkt. 69. Following the Second Circuit's decision in *American International Group, Inc. v. Bank of America*, 712 F.3d 775 (2d Cir. 2013) ("*AIG*"), Judge Rodriguez held that Edge Act jurisdiction requires that "the suit must arise out of an offshore financial transaction *of the Edge Act entity that is a party to the suit*." *Id.* at 14 (emphasis added). Under the Edge Act, the removing party must demonstrate "a formal nexus" between the federally chartered bank and the offshore

4

financial transaction that gives rise to the claims. *Id.* at 22 (quoting *Salix Capital U.S. Inc. v. Banc of Am. Sec. LLC*, 13 CIV. 2297 NRB, 2013 WL 6847064, at *6 (S.D.N.Y. Dec. 30, 2013)).

Judge Rodriguez determined that the declaratory judgment claims arose out of the underlying financing and indenture transactions for the PGNs, and evaluated whether any of those transactions were offshore financial transactions with sufficient nexus to the Trustees. *See id.* at 20-21. He concluded that such nexus was lacking: "the Court is aware of no case in which § 632 confers jurisdiction based on transactions of an Edge Act entity where the entity is accused of no wrongdoing (through its transactions or otherwise) and where its conduct has so little to do with the offshore financial transaction that gives rise to the claim. This Court holds that the Edge Act does not permit the exercise of federal jurisdiction in such a case, as here." *Id.* at 22. According to Judge Rodriguez, the fact that the Trustees served an administrative role with respect to debt that was sold to foreign entities was insufficient to confer Edge Act jurisdiction, because a nexus between the Trustees and any offshore financial transactions was lacking. *See id.* at 26-30.

Judge Rodriguez also concluded that extending Edge Act jurisdiction to the 009 Action "would not serve the purposes of the statute" because "[t]he declaratory judgment claims are not about the Trustee Defendants' conduct. Plaintiffs do not seek damages from the Trustees, nor do they allege that the Trustees did anything wrong." *Id.* at 32. Judge Rodriguez noted that "in the vast majority of cases in which § 632 provides a proper basis for jurisdiction, there is an allegation of actual wrongdoing or a claim for damages against the Edge Act entity involved in the suit." *Id.* at 33. On that basis, he distinguished one of the cases cited in the Notice of Removal in this case, *Highland Crusader Offshore Partners, L.P. v. LifeCare Holdings, Inc.*, 627 F. Supp. 2d 730 (N.D. Tex. 2008), where the federally chartered plaintiff was accused of defrauding a foreign plaintiff. *See id.*; Notice of Removal ¶ 4.

5

**LEGAL STANDARD**

"Removal of a civil action from state court to federal district court requires a district court to have original jurisdiction." *Zelaya v. Cottonwood Residential O.P., L.P.*, No. 5:15-CV-00759-XR, 2016 WL 830074, at *1 (W.D. Tex. Mar. 3, 2016); 28 U.S.C. § 1441(a). Because "[f]ederal courts are courts of limited jurisdiction," a federal court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)).

**ARGUMENT**

Defendants have not met their burden to prove the existence of federal subject matter jurisdiction over this action. In the 009 Action, Judge Rodriguez held that the Edge Act imposes a "formal nexus requirement" between the federally chartered party and the offshore financial transaction at issue. 009 Dkt. 69, at 22. Judge Rodriguez held that the mere fact that a federally chartered bank played an administrative role with respect to a debt agreement where there were some foreign debtholders did not establish the required nexus to support jurisdiction over declaratory judgment claims regarding the interpretation of that debt agreement. *See id.* at 26-30. And he concluded that federal jurisdiction "would not serve the purposes of the" Edge Act where "[t]he declaratory judgment claims are not about the Trustee Defendants' conduct. Plaintiffs do not seek damages from the Trustees, nor do they allege that the Trustees did anything wrong." *Id.* at 32.

Judge Rodriguez's opinion demonstrates the deficiency of Defendants' claims of federal jurisdiction in this case. The arguments for federal jurisdiction set forth in the Notices of Removal in this case and in the 009 Action are substantively identical: that Edge Act jurisdiction exists because a federally chartered defendant played an administrative role with respect to a category of debt held by foreign creditors. *Compare* Dkt. 1, ¶ 4, *with* 009 Dkt. 1, ¶¶ 8, 11-13. That is the precise argument that Judge Rodriguez rejected in the 009 Action. *See* 009 Dkt. 69, at 26-30.

Notably, Defendant U.S. Bank has characterized the jurisdictional issues in the two actions as identical. In advocating consolidation of the two actions, U.S. Bank stated: "In both cases, federal jurisdiction under the Edge Act rests on the exact same facts and the exact same points of law." Dkt. 34, at 1. U.S. Bank further stated that "the factual and legal issues regarding Edge Act jurisdiction are identical in the two cases," and that the jurisdictional issue "involv[es] the same parties" and is "based on identical factual and legal questions." *Id.* at 2; *see also* Motion to Consolidate Related Actions, Dkt. 23, at 8 ("The basis for the Court's Edge Act jurisdiction is the same in both Related Actions: each Action seeks a declaratory judgment against the Trustees regarding iHeart's obligations under the Notes, which were offered internationally and are held by domestic and foreign investors."). Given the identity between the bases asserted for Edge Act jurisdiction in the Notices of Removal in the two actions, Judge Rodriguez's decision finding no federal jurisdiction applies equally here.[2]

Because Defendants did not establish any other basis for federal jurisdiction in their Notice of Removal, it is too late for them to do so now. "In determining whether jurisdiction is proper, [a federal court] look[s] only to the jurisdictional facts alleged in the Notices of Removal." *In re*

---

[2] In opposing the motion to consolidate, Plaintiffs argued that the merits of the two actions involved different facts but did not address the overlap in the jurisdictional issues. *See* Dkt. 33, at 9.

7

*Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig.*, 488 F.3d 112, 124 (2d Cir. 2007); *Barron v. Miraglia*, No. 4:04-CV-376-A, 2004 WL 1933225, at *3 (N.D. Tex. Aug. 30, 2004) ("The court is not persuaded, however, that removal may be sustained on grounds not stated in the notice of removal."). Defendants therefore may not attempt to create Edge Act jurisdiction through factual assertions that were not alleged in the Notice of Removal. Nor can they seek federal jurisdiction based on legal theories that were not included in the Notice of Removal. *See Allen v. Bank of Am., N.A.*, 5 F. Supp. 3d 819, 834 (N.D. Tex. 2014) (refusing to consider theory of jurisdiction that "was not raised in the notice of removal"); *accord Hinojosa v. Perez*, 214 F. Supp. 2d 703, 707 (S.D. Tex. 2002).

Because Defendants have not established a basis for federal jurisdiction under the Edge Act — the only theory of federal jurisdiction asserted — this action should be remanded to state court. In the event that any Defendant submits a response to this advisory contending that federal jurisdiction exists based on facts or legal theories not presented in the Notice of Removal, Plaintiffs respectfully request the opportunity to respond.

## CONCLUSION

The Court should remand this action to the 438th Judicial District Court of Bexar County, Texas.

Respectfully submitted,

     /s/ *Emma Cano*
Lamont A. Jefferson
State Bar No. 10607800
Emma Cano
State Bar No. 24036321
JEFFERSON CANO
112 East Pecan Street, Suite 1650
San Antonio, Texas  78205-1524
Telephone:	(210) 988-1808
Telecopier:	(210) 988-1808
LJefferson@JeffersonCano.com
ECano@JeffersonCano.com

Kevin B. Huff
David L. Schwarz
Michael N. Nemelka
Jeremy S.B. Newman
KELLOGG, HANSEN, TODD,
  FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
Telephone:	(202) 326-7900
Telecopier:	(202) 326-7999
khuff@kellogghansen.com
dschwarz@kellogghansen.com
mnemelka@kellogghansen.com
jnewman@kellogghansen.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing instrument was filed electronically with the Court's CM/ECF system, with notice of case activity to be generated and sent electronically by the Clerk of the Court to all counsel of record and mailed by electronic mail to all non-CM/ECF participants.

On this 18th day of April, 2017.

/s/ *Emma Cano*
Emma Cano

## SERVICE LIST

**Kevin B. Huff**
**David L. Schwarz**
**Michael N. Nemelka**
**Jeremy S.B. Newman**
KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C.
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
khuff@kellogghansen.com
dschwarz@kellogghansen.com
mnemelka@kellogghansen.com
jnewman@kellogghansen.com
*Counsel for Plaintiffs*

**Charles A. Gilman**
**Johnathan R.L. Sharkey**
CAHILL GORDON
 & REINDEL LLP
80 Pine Street
New York, NY 10005
cgilman@cahill.com
jsharkey@cahill.com

**Stephen K. Lecholop , II**
**Jonathan D. Pauerstein**
ROSENTHAL PAUERSTEIN SANDOLOSKI AGATHER LLP
755 East Mulberry Suite 200
San Antonio, TX 78212
slecholop@rpsalaw.com
jpauerstein@rpsalaw.com
*Counsel for Defendant Citibank, N.A.*

**Bruce S. Bennett**
**James O. Johnston**
JONES DAY
555 South Flower Street
Los Angeles, CA 90071
bbennett@jonesday.com
jjohnston@jonesday.com

**Elizabeth Abbott Gilman**
**John Francis Sullivan, III**
K & L GATES LLP
1000 Main, Suite 2550
Houston, TX 77002
beth.gilman@klgates.com
john.sullivan@klgates.com

**J. Laurens Wilkes**
**Nicole Marie Perry**
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
jlwilkes@jonesday.com
nmperry@jonesday.com

**Geoffrey S. Stewart**
**Thomas F. Cullen, Jr.**
**David S. Torborg**
JONES DAY
51 Louisiana Avenue, N.W.
Washington, DC 20001-2113
gstewart@jonesday.com
tfcullen@jonesday.com
*Counsel for Defendant U.S. Bank National Association*

**Curtis L. Tuggle**
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, OH 44114-1291
curtis.tuggle@thompsonhine.com

**Michael Debs Bernard**
**Jacqueline Garza-Rothrock**
BRACEWELL LLP
300 Convent, Suite 1500
San Antonio, TX 78205
michael.bernard@bracewelllaw.com
jacqueline.garza-rothrock@bracewelllaw.com
*Counsel for Defendant Wilmington Trust,*
*National Association*

**Eric R. Wilson**
**William S. Gyves**
KELLEY DRYE & WARREN LLP
101 Park Avenue
New York, NY 10178
ewilson@kelleydrye.com
wgyves@kelleydrye.com

**William J. Jackson**
KELLEY DRYE & WARREN LLP
515 Post Oak Blvd., Suite 900
Houston, TX 77027
bjackson@kelleydrye.com
*Counsel for Defendant UMB Bank,*
*National Association*

10